# In the United States Court of Federal Claims

No. 24-1047C
(Filed: August 12, 2024)

* * * * * * * * * * * * * * * * * * * * * * * *

LAURA MARIE BALDWIN,
    *Plaintiff*,

v.

THE UNITED STATES,
    *Defendant*.

* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

    Plaintiff, proceeding *pro* se, filed a complaint on July 8, 2024, which she later amended on July 29. The heading of her complaint states that the action is being brought pursuant to 42 U.S.C. § 1983, which provides a civil cause of action for deprivation of rights. Plaintiff does not mention this statute in the body of her brief, however. Her allegations, which include assorted violations of due process and other constitutional provisions, are consistently tied to the notion that plaintiff is a citizen of the state of Missouri but not a citizen of the United States. Plaintiff seems to believe that not being a United States citizen means that she is not subject to the statutes under which she was apparently convicted in Missouri's Audrain County 12th Circuit Court.[1] Plaintiff now seeks $100,000 in damages for each day that she was incarcerated. Plaintiff also requests that all record of her case and conviction be expunged. The government has responded to plaintiff's complaint with a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims. Plaintiff

---

[1] Plaintiff does not explain what crime she was convicted of or the details of her offense, but it was apparently a misdemeanor that resulted in a 60-day sentence. While the omission of these details exacerbates the vagueness of the complaint, this omission does not affect our ability to confirm that the court lacks subject matter jurisdiction.

has not yet responded to the motion, but we need not wait for one because it is apparent that our court lacks jurisdiction over the claims asserted.

Petitioner's contentions consist largely of allegations of procedural violations, intermixed with quotations from cases and statutes that are inapplicable, taken out of context, or completely fabricated. Plaintiff conflates the denial of various motions and requests in her Audrain County 12th Circuit Court case with the denial of constitutional rights. She levels accusations ranging from violations of the Federal Rules of Civil Procedure to treason against the local judge, sheriff, prosecutor, and other parties.

The Rules of the Court of Federal Claims require the dismissal of an action any time the court determines that it lacks subject matter jurisdiction. RCFC 12(h)(3). The jurisdiction of the Court of Federal Claims is laid out primarily in the Tucker Act, which grants the court authority to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018). Thus, in order to come within the jurisdiction of the court, "plaintiff must identify a separate source of law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Furthermore, our court does not have appellate jurisdiction except in the narrow area of vaccine injury review. *See* 42 U.S.C. § 300aa-12(e) (2018).

We do not have jurisdiction to grant plaintiff's request that we reopen her state-level criminal case. Plaintiff's requests that we expunge her criminal record and declare her trial to be fraudulent appear to hinge on Federal Rule of Civil Procedure (FRCP) 60(b), which allows for relief from judgment in the case of fraud. The Federal Rules of Civil Procedure do not apply to state court criminal proceedings, however, or to the Court of Federal Claims, each of which has its own set of rules. *See* FRCP 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts.")

Although plaintiff does not mention 42 U.S.C. § 1983 in the body of her brief, the heading of her complaint states that the complaint is being brought pursuant to that statute. Actions under 42 U.S.C. § 1983, which covers civil suits for deprivation of rights, fall under the jurisdiction of the United States district courts, not the Court of Federal Claims. 28 U.S.C. § 1343(a)(4) states that "[t]he district courts shall have original jurisdiction of any civil action authorized by law . . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of Civil

Rights." *See United States v. Tucker*, 142 Fed. Cl. 697, 712 (Fed. Cl. 2019) (holding that the district courts have exclusive jurisdiction over civil rights claims, including those brought under 42 U.S.C. § 1983).

Plaintiff also cites 18 U.S.C. § 911, which imposes liability on parties who mismanage property that has been put in their possession during court proceedings. This statute bears no obvious connection to plaintiff's claim that the government misidentified her as a U.S. citizen (which she refers to as "false personation"). Regardless, Title 18 is the federal criminal code and the limited civil jurisdiction of our court does not extend to claims enforcing the federal criminal code. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."). 18 U.S.C. § 241, 18 U.S.C. § 242, and 18 U.S.C. § 1584, which cover criminal deprivation of rights, are also cited by plaintiff. They fall outside the jurisdiction of our court for the same reasons stated above.

Plaintiff further alleges unjust conviction and imprisonment pursuant to 28 U.S.C. § 1495. While this statute gives the Court of Federal Claims jurisdiction to award damages to any person who has been unjustly convicted and imprisoned, we only have jurisdiction over cases in which a plaintiff presents actual proof of innocence, such as a certification from the court or a pardon, in accordance with 28 U.S.C. § 2513. *See Babcock v. United States*, 142 Fed. Cl. 612, 616, (Fed. Cl. 2019) (dismissing case because plaintiff furnished no proof of actual innocence). Because plaintiff has not presented any proof of actual innocence, we lack jurisdiction over the claim.

None of plaintiff's other scattered allegations are tied to specific statutes, and without the identification of a money-mandating statute, we do not have jurisdiction under the Tucker Act or any other statute.

Accordingly, the following is ordered:

1. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and to enter judgment accordingly.

2. Defendant's motion to dismiss is denied as moot.

s/Eric G. Bruggink<br>
ERIC G. BRUGGINK<br>
Senior Judge